United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Darren Robinson,

    Defendant.

Case No. 23-MJ-30260

Hon. Elizabeth A Stafford

**Stipulation and Order to Adjourn the
Preliminary Hearing and Find Excludable Delay**

The parties stipulate and jointly move for an adjournment of the preliminary hearing and an ends-of-justice continuance under the Speedy Trial Act. In support, the parties state as follows:

The defendant made his initial appearance on the criminal complaint in this district on June 26, 2023, and was released on bond with various conditions. The preliminary hearing is scheduled to take place July 14, 2023. The parties are now seeking to adjourn this date by approximately ninety days to October 13, 2023.

The parties are engaged in discussions that may potentially obviate the need for a preliminary hearing or indictment.

Considering the above, the parties submit that there is good cause to adjourn the preliminary hearing. Moreover, the defendant has consented to this

adjournment, and the adjournment sought is of a limited duration. *See* Fed. R. Crim. P. 5.1(d) ("With the defendant's consent and upon a showing of good cause – taking into account the public interest in the prompt disposition of criminal cases – a magistrate judge may extend the time limits in Rule 5.1(c) one or more times.").

In addition, in light of the above, the parties submit that the ends of justice served by a continuance of the 30-day arrest-to-indictment period under the Speedy Trial Act will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed: . . . (7) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy [indictment]."). Such a continuance would allow the parties time to engage in pre-indictment plea negotiations without strict time constraints and potentially pursue an expeditious and fair resolution of the government's prosecution of the defendant. It would also possibly result in the conservation of judicial and prosecutorial resources by eliminating the need for a preliminary hearing and in the

conservation of grand jury and prosecutorial resources by possibly eliminating the need for the defendant to be prosecuted by way of a grand jury indictment.

Accordingly, the parties request that this Court find that there is good cause to adjourn the preliminary hearing in this case and order that the preliminary hearing be adjourned from July 14, 2023, until October 13, 2023. The government also requests that this Court find, based on the information and explanation set forth above, that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment.

The parties request that this ends-of-justice continuance begin on July 14, 2023, and continue through October 13, 2023, and that that period be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

DAWN N. ISON
United States Attorney

| | |
|---|---|
| *s/Andrew J. Yahkind* | *s/Zachary Intrater (w/ consent)* |
| Andrew J. Yahkind | Zachary Intrater |
| Assistant United States Attorney | 256 5th Avenue |
| 211 W. Fort Street, Suite 2001 | New York, NY 10001 |
| Detroit, MI 48226 | Email: zintrater@braflaw.com |
| (313) 226-9565 | |
| andrew.yahkind@usdoj.gov | |

4

United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

Case No. 23-MJ-30260

v.

Hon. Elizabeth A Stafford

Darren Robinson,

    Defendant.

## Order Adjourning the
## Preliminary Hearing and Finding Excludable Delay

The Court has considered the parties' stipulation and joint motion to adjourn the preliminary hearing, for a continuance of the 30-day Speedy Trial Act arrest-to-indictment period, and for a finding that the time period from July 14, 2023, until October 13, 2023, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

The parties' reasons for the requested adjournment and continuance are:

- The parties are engaged in pre-indictment discussions that may obviate the need for either a preliminary hearing or indictment.

Having considered these reasons, the Court finds that there is good cause to adjourn the preliminary hearing and orders that it be adjourned to October 13, 2023. *See* Fed. R. Crim. P. 5.1(d).

In addition, for these same reasons, the Court finds that the ends of justice served by a continuance of the 30-day Speedy Trial Act arrest-to-indictment period will outweigh the best interest of the public and the defendant in a speedy indictment. *See* 18 U.S.C. § 3161(h)(7). Accordingly, the Court grants a continuance until October 13, 2023, and orders that the period from July 14, 2023 to October 13, 2023 be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(7).

                                                    s/Elizabeth A. Stafford
                                                    Hon. Elizabeth A Stafford
                                                    United States Magistrate Judge

Dated: July 12, 2023